### MASSIE v STATE

Ohio Appeals, 4th Dist, Lawrence Co
Decided November 12, 1929

Mr. A. J. Layne, Ironton, for Massie.
Mr. Lee D. Andrews, Ironton, for State.

### BY THE COURT

It is claimed that there is a substantial difference between giving information as to "where" intoxicating liquor may be obtained and giving information of "how" it may be obtained. In this connection it is argued that the act of 1919 (**108 O. L. Pt. 1, 400**) made it an offense to give information where liquors may be obtained and that that act failed of affirmation on referendum and the present statute subsequently passed omitted the word where from the statute. The rejected statute, however, differed radically from the present. By section 25 of that act it was proposed to penalize one who gave

"any information how such prohibited liquors may be obtained or where such liquors are".

By that act, therefore, one was penalized who gave information where liquors were whether they could be obtained or not. As before pointed out, the present section denounces the giving of inform-

ation as to how intoxicating liquor may be obtained. While it would not be an offense to merely inform one where intoxicating liquors are it is clear that if one is informed as to where liquor may be obtained he is informed of how liquor may be obtained. The affidavit consequently stated an offense.

The evidence tended to show that the accused gave information relating to the place where liquor might be obtained and the person from whom it could be had. The case can not be reversed as against the weight of the testimony.

Other questions of a minor character are raised regarding the admission of testimony. One of these is that the person who was given the information was permitted to testify as to what was said and done in the absence of the accused when pursuant to the information he actually bought intoxicating liquor. This testimony was competent because it showed that the information was true.

The question was made in the trial court that if the accused were guilty of the offense charged he was guilty of a third offense and that the court was without power to try him as of a second offense. The accused was charged as of a second offense only, and the mere fact that it was actually a third offense did not make it a third offense in law and thereby constitute a felony entitling the accused to trial by jury.

There is no error in the record and the judgment is affirmed.

Middleton, PJ., and Mauck and Blosser, JJ., concur.